**Michael LERARIO, Petitioner**

v.

**UNITED STATES of America, Respondent**

**No. CIV. 1:CV032069.**

United States District Court, M.D. Pennsylvania.

June 6, 2005.

Michael Lerario, Minersville, PA, pro se.

**_MEMORANDUM_**

RAMBO, District Judge.

## I.  _Introduction_

Petitioner, Michael Lerario, an inmate at the Schuylkill Federal Prison Camp ("FPC–Schuylkill") in Minersville, Pennsylvania, commenced this action in the United States District Court for the Eastern District of New York ("Eastern District") with a _pro se_ petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2255.  (Doc. 1, Attach. 1.)  In the petition, Petitioner claimed ineffective assistance of counsel at his criminal trial in the Eastern District (_id._ at 12), and he challenged the calculation of his federal sentence (_id._ at 25).  Thereafter, the Eastern District denied Petitioner's ineffective assistance claim, construed the sentence calculation issue as a claim for relief under 28 U.S.C. § 2241, and transferred the case to this court because Petitioner's custodian is located in the Middle District of Pennsylvania.  (_See_ Doc. 1, Attach. 13.)  Thus, the only issue remaining for disposition by this court is Petitioner's federal sentence calculation.  (_Id._ at 11.)  He claims that his federal sentence commenced on the day it was imposed and was intended to run concurrent with his prior state court sentence.  A response, together with exhibits, and a traverse have been filed, and the petition is ripe for disposition.  For the reasons that follow, the petition will be denied.

## II.  _Background_

The following facts are undisputed.  On December 8, 1994, Petitioner was arrested by federal law enforcement authorities on multiple narcotics charges, and he was subsequently released on bond on December 14, 1994.  (Doc. 7–2 at 4.) Petitioner was charged with conspiring and attempting to possess with intent to distribute cocaine.  Thereafter, Petitioner pled guilty to the conspiracy charge, and he remained free on his bond, pending sentencing.

On July 21, 1995, still on pre-sentence release, Petitioner was arrested by New York State authorities on unrelated narcotics charges, and he was held without bail.  Petitioner remained in state custody except for a brief appearance in the Eastern District on August 8, 1995 pursuant to a writ of habeas corpus ad prosequendum for his sentencing on the conspiracy plea.  At federal sentencing, Petitioner's counsel requested a downward departure to ensure federal credit for the time spent in presentence federal custody.  The court granted the downward departure and sentenced

Petitioner to a term of imprisonment of sixty-five (65) months.

Thereafter, Petitioner was returned to state custody pending disposition of the state charges. On September 4, 1997, Petitioner pled guilty in state court to criminal sale of a controlled substance. During the plea, Petitioner confirmed his understanding that the state sentence would run consecutively to his federal sentence. (*See* Doc. 1, Attach. 13 at 3 n. 1.) On November 14, 1997, the state court sentenced Petitioner to a term of imprisonment of six (6) years to life as agreed by the parties. The state court specified that the state sentence was to "be served consecutively to the federal time." (*Id.* at 4.) After the state sentencing, Petitioner remained in state custody to complete his state sentence.

On November 27, 2000, Petitioner was paroled from his state sentence and transferred to federal custody. Upon arrival at his federal facility, the Federal Bureau of Prisons ("BOP") calculated Petitioner's sentence, giving credit for the period from his initial arrest on December 8, 1994 to his pretrial release on bond on December 14, 1994. Petitioner filed a request for administrative relief, claiming that he was entitled to credit for the entire time he was in state or federal custody since January 4, 1996. Petitioner's request was denied. On November 2, 2001, Petitioner filed a motion with the Eastern District seeking clarification of his sentence, and the motion was dismissed for failure to exhaust administrative remedies. Petitioner then exhausted his administrative remedies with denial of his final administrative appeal on May 21, 2002. The instant habeas petition ensued. For the following reasons, the court concludes that Petitioner's federal sentence was properly calculated.

## III. *Discussion*

The authority to calculate a federal prisoner's term of incarceration is delegated to the United States Attorney General, who exercises that authority through the BOP. *United States v. Wilson,* 503 U.S. 329, 334–35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). To calculate Petitioner's sentence, the BOP must determine: (1) when his federal sentence commenced, and (2) any credits to which Petitioner may be entitled. 18 U.S.C. § 3585. A federal sentence does not begin to run when a prisoner is transferred from state to federal custody pursuant to a writ of habeas corpus ad prosequendum, *Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir. 2002), because the state retains primary custody of the prisoner, *Rios v. Wiley,* 201 F.3d 257, 274 (3d Cir.2000). Petitioner's federal sentence commenced on November 27, 2000, the date he was released to federal custody for transport to FPC–Schuylkill to serve the federal sentence. *See* 18 U.S.C. § 3585(a) (stating that a federal sentence to a term of imprisonment commences on the date the prisoner "is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served"). Thus, Petitioner's federal sentence commenced after his state term of incarceration had been discharged.

Although the federal sentence was imposed while Petitioner was held in state custody, this does not affect the commencement date of the federal sentence. Petitioner appears to claim that his federal sentence was intended to be concurrent with his state sentence. However, as previously stated, his federal sentence was imposed prior to imposition of the state sentence, and there was no sentence to which the federal sentence could run concurrent.

 Furthermore, Petitioner has received all appropriate credit for time spent in custody on his federal charges, which has not been credited to another sentence. *See* 18 U.S.C. § 3585(b). The disputed time was previously credited to Petitioner's state sentence, prior to commencement of the federal sentence. If additional adjustment was made to the federal sentence, Petitioner would receive a double credit. The Third Circuit Court of Appeals has held that the plain language of 18 U.S.C. § 3585 is specifically meant to prohibit this "double credit." *Rios,* 201 F.3d at 272.

In support of relief, Petitioner cites *Ruggiano v. Reish,* 307 F.3d 121 (3d Cir. 2002). (*See* Doc. 1, Attach. 10 at 13.) In *Ruggiano,* Petitioner was sentenced in federal court to a term of imprisonment of 112 months while he was serving an unexpired state sentence of two (2) to four (4) years on an unrelated state offense. The federal sentence was to run concurrent with the undischarged state sentence, with credit for time served. Although the Third Circuit held that the BOP was precluded from "crediting" for time served, the court directed "adjustment" of the state sentence to make the subsequent federal sentence fully or retroactively concurrent.

However, *Ruggiano* involved a federal sentence intended by the sentencing court to run concurrently with a prior undischarged state term. Here, the federal sentence was imposed prior to the state sentence, and the subsequent state sentence was acknowledged to be consecutive to the federal sentence. (*See* Doc. 1, Attach. 13 at 3 n. 1.) Accordingly, *Ruggiano* does not serve as a basis for relief in this action.

## IV. *Conclusion*

In accordance with the foregoing discussion, the court will deny Petitioner's habeas petition. An appropriate order will issue.

### *ORDER*

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to close this case.

3. The court declines to issue a certificate of appealability.